Bataille and another v. The Firemen's Insurance Company of New Orleans.

HIPPOLITE BATAILLE and another *v.* THE FIREMEN'S INSURANCE
COMPANY OF NEW ORLEANS.

Defendants advertised for sale, "the hull, spars, sails, and rigging, of the schooner Loui-
siana, lying high and dry on a certain island." The advertisement represented "that
she was well found, her sails unbent, and her running rigging stowed below; that
there was some cargo on board, which might entitle the purchaser to an advan-
tageous salvage; and that she was left in the charge of three trusty persons." Plain-
tiffs purchased, and four days afterwards proceeded to the wreck, which they found
at a different place from that advertised, and burnt to the water's edge. A witness
deposed that it had, from all appearances, been burnt before the sale. *Held,* that
if the burning occurred before the day of sale, there wasno sale, C. C. 2430; if
after, but before possession could have been taken with reasonable diligence, that
defendants were liable, under arts. 2443, 2444, for the acts or neglect of the persons
they announced as keeping her; that the delay of four days was not unreasonable;
and that defendants having, to enhance the price, made representations, in the nature
of a warranty, calculated to mislead the purchasers, are responsible for the expenses
to which the latter were subjected through their fault.

APPEAL from the Commercial Court of New Orleans. *Watts,* J.

MORPHY, J. The petition charges that on the 28th of Novem-
ber, 1839, the defendants caused to be sold at public auction the
hull, yards, sails, and rigging of the schooner Louisiana, of which
the plaintiffs became the purchasers for the sum of one hundred
and forty dollars; that in the notices of sale published in the
newspapers, it was represented that the hull of the said schooner
was wrecked high and dry on the Last Island, sixty miles west of
the South West Pass; that there was on board every thing necessa-
ry, the sails and rigging having been stowed in the hold for safe
keeping; that part of the cargo was on board, and that Captain
Auld had left three faithful and trusty men to take care of her.*

---

* The advertisement was as follows :—" By J. A. B. for the benefit of the underwriters.
Will be sold on Thursday the 28th instant, at 12 o'clock, at the St Louis Exchange, the
hull, spars, sails, and rigging of the fine schooner Louisiana, Capt. Auld, as she now lies
high and dry on Last Island, sixty miles west of the S.W. Pass. The vessel is well found,
and her sails unbent, and her running rigging unwove and stowed below. There was
some cargo on board, which may entitle the purchaser to an advantageous salvage.
She lies secure from ordinary gales, and was left in charge of three trusty persons by
Capt. Auld.

" For further particulars, apply to Capt. Auld, or at the office of the auctioneer, 58
Common St."

That in order to effect the salvage of the said schooner Louisiana, the plaintiffs incurred expenses to the amount of four hundred and twenty-five dollars, besides the price paid by them for the hull of the schooner. That when the persons sent by plaintiffs in search of the vessel arrived at the place designated at the sale, they did not find her there, but found that she was at another place called Vine Island : that she was burnt to the water's edge, instead of being safely kept by three faithful guardians ; and that no part of the rigging or cargo was to be found on board. That the said hull was in so miserable a condition as to be absolutely useless to the plaintiffs, and so situated that had the plaintiffs been informed of the real condition of the schooner they would not have purchased her, nor incurred such heavy expenses. That the defendants, by whose fault and on whose representations the plaintiffs were subjected to the loss of $565, are bound in law and equity to reimburse said sum to them, with $300 damages for the profits which plaintiffs might have made on said purchase, and which were held out to purchasers by the notices printed in the newspapers. The defendants excepted to the plaintiffs' demand, averring that all their allegations, even if true, present no legal cause of action against them ; and in case their exception be overruled, they plead the general issue. There was judgment below for $865, from which the defendants have appealed.

*Canon,* for the plaintiff.

*Micou,* for the appellants. The sale was complete by the adjudication. Civ. Code, 2431. The thing sold is at the risk of the purchaser, from the completion of the sale. Ib. 1913, 2442. There is no allegation in the petition that the property did not exist at the time of the sale, Ib. 2430 ; nor that it was destroyed, through want of care in the vendor. Ib. 2443. If any cause of action be stated in the petition, the judgment should still be reversed, the damages allowed being excessive.

MORPHY, J. The petition is far from being as distinct and explicit in stating the legal grounds of this action, as could be desired ; but from the whole tenor of its allegations, it is clear that the plaintiffs seek to recover their purchase money, with damages, on the ground that the subject matter of the sale did not exist at the time of the sale, and that there was an implied warranty that the vessel and

articles sold, existed at the place designated when they were advertised and sold. The exception, and the merits were tried together ; and evidence was received tending to show that the vessel had been destroyed or had ceased to exist before the sale, thus presenting for the consideration of the court the only legal ground on which perhaps a recovery could be had.

On the material facts of the case we see no reason to differ from the judge *a quo*, who considered them as sufficiently established. The notices of the sale, independent of the high coloring given to the speculation held out to the bidders, and the exaggeration as to the salvage to which the cargo left in the schooner might entitle the purchasers, must have lead the purchasers to expect not only that the vessel was at the time of the sale in the condition represented, but also that she would remain under the charge of three trusty men, for a reasonable time, until the purchaser could proceed and take possession of her. Under this understanding of the matter, one of the witnesses tells us that in storing provisions for himself and his companions during the excursion, he took in extra provisions for the hands he expected to find on board of the schooner ; and that she was not to be seen at the place designated, and was found at another place abandoned and burnt to the water's edge, apparently since about a fortnight. If the destruction of the vessel took place before the day of the sale, there was no sale. Civ. Code, art. 2430. If it occurred since the sale, and before possession could reasonably have been taken of her by the purchasers, the defendants are liable for the acts or neglect of the persons who they announced were keeping the vessel at the designated place. Civ. Code, arts. 2443, 2444. The plaintiffs chartered a schooner, and employed hands who left the city four days after the sale. This delay was not unreasonable to make the necessary preparations. We think the plaintiffs are entitled to the reimbursement of the purchase money, and such expenses as they were led to make in order to take possession of the schooner and obtain the handsome salvage the advertisement had promised them. If instead of selling the vessel as she was left by her captain at the time of the wreck, the defendants, with a view to enhance the price, took upon themselves to make representations in the nature of a warranty, calculated to mislead the bidders, they must

take the consequences. As to the claim of $300 for damages, it is not supported by a tittle of evidence.

It is therefore ordered that the judgment of the Commercial Court be reversed, and that the plaintiffs do recover from the defendants, the Firemen's Insurance Company of New Orleans, the sum of five hundred and sixty-five dollars, with legal interest from the day of judicial demand, and costs below; those of this appeal, to be paid by the appellees.